# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

## Civil Cover Sheet

| | For Prothonotary Use Only (Docket Number) |
|---|---|
| | **NOVEMBER 2023** |
| | E-Filing Number: 2310066646       00078 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| MICHAEL LOTANO | SAINT JOSEPHS UNIVERSITY |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 321 LONGSTONE DRIVE<br>CHERRY HILL NJ 08002 | 5600 CITY LINE AVENUE<br>PHILADELPHIA PA 19130 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| RAMYA D. LOTANO | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 321 LONGSTONE DRIVE<br>CHERRY HILL NJ 08002 | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| VINCENT E.. LOTANO | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 321 LONGSTONE DRIVE<br>CHERRY HILL NJ 08002 | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 4 | 1 | ☐ Complaint  ☐ Petition Action  ☐ Notice of Appeal<br>☒ Writ of Summons  ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

**CASE TYPE AND CODE**

10 - CONTRACTS OTHER

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED PRO PROTHY** | IS CASE SUBJECT TO<br>COORDINATION ORDER? |
|---|---|---|
| | NOV 01 2023 | YES       NO |
| | **C. SMITH** | |

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>MICHAEL LOTANO , RAMYA D LOTANO ,</u>
Papers may be served at the address set forth below. <u>VINCENT E. LOTANO , ELENA LOTANO</u>

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| THOMAS J. GREGORY | TWO PENN CENTER, SUITE 1100<br>1500 JOHN F. KENNEDY BOULEVARD<br>PHILADELPHIA PA 19102 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215)564-0400 | (215)564-1973 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 38104 | tgregory@OKLLP.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| *THOMAS GREGORY* | Wednesday, November 01, 2023, 08:59 am |

FINAL COPY (Approved by the Prothonotary Clerk)

## COMPLETE LIST OF PLAINTIFFS:

```
1. MICHAEL LOTANO
   321 LONGSTONE DRIVE
   CHERRY HILL NJ 08002
2. RAMYA D. LOTANO
   321 LONGSTONE DRIVE
   CHERRY HILL NJ 08002
3. VINCENT E.. LOTANO
   321 LONGSTONE DRIVE
   CHERRY HILL NJ 08002
4. ELENA LOTANO
   321 LONGSTONE DRIVE
   CHERRY HILL NJ 08002
```

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| | For Prothonotary Use Only (Docket Number) |
|---|---|

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| MICHAEL LOTANO, incapitated person | SAINT JOSEPHS UNIVERSITY |

*Filed and Attested by the Office of Judicial Records 01 NOV 2023 08:59 am C. SMITH*

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 321 LONGSTONE DRIVE CHERRY HILL, NJ 08003 | 5600 CITY LINE AVENUE PHILADELPHIA, PA 19131 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| RAMYA LOTANO, guardian | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 321 LONGSTONE DRIVE CHERRY HILL, NJ 08003 | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| VINCENT E. LOTANO, guardian | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 321 LONGSTONE DRIVE CHERRY HILL, NJ 08003 | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NO. OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 4 | 1 | ☐ Complaint ☐ Petition Action ☐ Notice of Appeal ☒ Writ of Summons ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less ☒ More than $50,000.00 | ☐ Arbitration ☒ Jury ☐ Non-Jury ☐ Other: | ☐ Mass Tort ☐ Savings Action ☐ Petition | ☐ Minor Court Appeal ☐ Statutory Appeals ☐ Commerce (Completion of Addendum Required) | ☐ Settlement ☐ Minors ☐ W/D/Survival |

**CASE TYPE AND CODE (SEE INSTRUCTIONS)**

2E

**STATUTORY BASIS FOR CAUSE OF ACTION (SEE INSTRUCTIONS)**

Failure to provide educational program to disabled individual

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|
| N/A | Yes   No ☐ ☐ ☐ ☐ ☐ ☐ |

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant:

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS (SEE INSTRUCTIONS) |
|---|---|
| THOMAS J. GREGORY, ESQUIRE | O'CONNOR KIMBALL LLP TWO PENN CENTER PLAZA, SUITE 1100 1500 JOHN F. KENNEDY BOULEVARD PHILADELPHIA, PA 19102 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215)564-0400 | (215) 564-1973 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 38104 | TGREGORY@OKLLP.COM |

| SIGNATURE | DATE |
|---|---|
| | |

01-101 (Rev. 6/08)

Court of Common Pleas of Philadelphia County
Trial Division
# Civil Cover Sheet
*(Supplemental Parties)*

For Prothonotary Use Only (Docket Number)

Filed and Attested by the
Office of Judicial Records
01 NOV 2023 08:59 am
C. SMITH

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| ELENA LOTANO, guardian | |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| 321 LONGSTONE DRIVE, CHERRY HILL, NJ 08003 | |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| | |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| | |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| | |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| | |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| | |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| | |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| | |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| | |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| | |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| | |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| | |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| | |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| | |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| | |

01-102

Summons
Citacion

# Commonwealth of Pennsylvania
## COUNTY OF PHILADELPHIA

MICHAEL LOTANO, an Incapacitated Person, by
*Plaintiff*  his Guardians, RAMYA LOTANO, VINCENT E.
LOTANO, and ELENA LOTANO

vs.

SAINT JOSEPHS UNIVERSITY
*Defendant*

Filed and Attested by the
Office of Judicial Records
01 NOV 2023 08:59 am

COURT OF COMMON PLEA, SMITH

_____Term, 20_____

No._____

To[1]

SAINT JOSEPHS UNIVERSITY

5600 City Line Avenue

Philadelphia, PA 19131

# Writ of Summons

You are notified that the Plaintiff[2]
*Usted esta avisado que el demandante*

MICHAEL LOTANO, an Incapacitated Person, by his Guardians RAMYA LOTANO, VINCENT E. LOTANO,

and ELENA LOTANO

Has (have) commenced an action against you.
*Ha (han) iniciado una accion en contra suya.*



ERIC FEDER
*Director, Office of Judicial Records*

By: _____

Date:_____

10-208 (Rev. 6/14

# Court of Common Pleas

_____ Term, 20 _____

No. _____

MICHAEL LOTANO, an Incapacitated Pers
*Plaintiff*

vs.

SAINT JOSEPHS UNIVERSITY
*Defendant*

# SUMMONS

**O'CONNOR KIMBALL LLP**

By:    Thomas J. Gregory, Esquire
       Martin J. McAndrew, Esquire
       Michael S. Soule, Esquire
       Attorney Identification Nos.: 38104/78091/53201

Two Penn Center Plaza, Suite 1100
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
(215) 564-0400      Facsimile: (215) 564-1973
Email: tgregory@okllp.com; mmcandrew@okllp.com;
      asandoval@okllp.com
File No.: 920-2443

*Filed and Attested by the
Office of Judicial Records
28 NOV 2023 01:36 pm
E. HAURIN*

Attorneys for Plaintiffs,
Michael Lotano, an Incapacitated
Person, by his Guardians, Ramya
Lotano, Vincent E. Lotano,
and Elena Lotano

---

| | |
|---|---|
| MICHAEL LOTANO, an Incapacitated Person : | COURT OF COMMON PLEAS |
| by his Guardians, RAMYA LOTANO, : | PHILADELPHIA COUNTY, PA |
| VINCENT E. LOTANO, and : | |
| ELENA LOTANO : | NOVEMBER TERM, 2023 |
|           Plaintiffs : | NO. 000078 |
|    v. : | |
| : | |
| SAINT JOSEPH'S UNIVERSITY : | **JURY TRIAL DEMANDED** |
|          Defendant : | |

---

NOTICE

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Philadelphia Bar Association Lawyer Referral and Information Service
One Reading Center Philadelphia,
Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

AVISO

USTED HA SIDO DEMANDADO/A EN CORTE. Si usted desea defenderse de las demandas que se presentan mas adelante en las siguientes paginas, debe tomaraccion dentro de los proximos viente (20) dias despues de la notificacion de esta Demanda y. Aviso radicando personalmente o por medio de un abogado una comparecencia escrita y radicando en la Corte por escrito sus defensas de, y objecciones a, las demandas presentadas aqui en contra suya. Se le advierte de que si usted falla de tomar accion como se describe anteriormente, el caso puede proceder sin usted y un fallo por cualquier suma de dinero reclamada en la demanda o cualquier otra reclamacion o remedio solicitado por el demandante puede ser dictado en contra suya por la Corte sin mas aviso adicional. Usted puede perder dinero o propiedad u otros derechos importantes para usted.

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE UN ABOGADO, LLAME 0 VAYA A LA SIGUIENTE OFICINA. ESTA OFICINA PUEDE PROVEERLE INFORMACION A CERCA DE COMO CONSEGUIR UN ABOGADO.

SI USTED NO PUEDE PAGAR POR LOS SERVICIOS DE UN ABOGADO, ES POSIBLE QUE ESTA OFICINA LE PUEDA PROVEER INFORMACION SOBRE AGENCIAS QUE OFREZCAN SERVICIOS LEGALES SIN CARGO 0 BAJO COSTO A PERSONAS QUE CUALIFICAN.

Asociacion De Licenciados De Filadelfia Servicio De Referencia E Informacion
Legal One Reading Center Filadelfia,
Pennsylvania 19107
(215) 238-6333 TTY (215) 451-6197

**O'CONNOR KIMBALL LLP**

By:   Thomas J. Gregory, Esquire
  Martin J. McAndrew, Esquire
  Michael S. Soule, Esquire
  Attorney Identification Nos.: 38104/78091/53201

Two Penn Center Plaza, Suite 1100
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
(215) 564-0400 Facsimile: (215) 564-1973
Email:  tgregory@okllp.com; mmcandrew@okllp.com;
  asandoval@okllp.com
File No.: 920-2443

Attorneys for Plaintiffs,
Michael Lotano, an Incapacitated Person, by his
Guardians, Ramya Lotano, Vincent E. Lotano,
and Elena Lotano

---

| | |
|---|---|
| MICHAEL LOTANO, an Incapacitated Person :<br>by his Guardians, RAMYA LOTANO,   :<br>VINCENT E. LOTANO, and    :<br>ELENA LOTANO      :<br>321 Longstone Dr.      :<br>Cherry Hill, NJ 08003     :<br>         :<br>      Plaintiffs  :<br>  v.         :<br>         :<br>SAINT JOSEPH'S UNIVERSITY  :<br>5600 City Line Avenue    :<br>Philadelphia, PA 19131    :<br>         :<br>      Defendant  : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY, PA<br><br>November Term 2023<br><br>No.: 00078 |

Plaintiffs, Michael Lotano, an incapacitated person, by his Guardians, Ramya Lotano,
Vincent E. Lotano, and Elena Lotano ("Plaintiffs") by and through their attorney, O'Connor
Kimball, LLP, hereby bring this action against Saint Joseph's University and aver as follows:

## THE PARTIES

1. Plaintiff, Michael Lotano, ("Michael") is an incapacitated person, who resides at
231 Longstone Drive, Cherry Hill, New Jersey 08003.

2. Plaintiff, Ramya Lotano, is an adult individual and co-guardian of Plaintiff,
Michael Lotano, and resides at 321 Longstone Drive, Cherry Hill, New Jersey 08003.

Case ID: 231100078

3.      Plaintiff, Vincent E. Lotano, is an adult individual and co-guardian of Plaintiff, Michael Lotano, and resides at 321 Longstone Drive, Cherry Hill, New Jersey 08003.

4.      Plaintiff, Elena Lotano, is an adult individual and co-guardian of Plaintiff, Michael Lotano, and resides at 321 Longstone Drive, Cherry Hill, New Jersey 08003.

5.      Defendant, Saint Joseph's University, (hereinafter, "SJU") is a Pennsylvania nonprofit corporation with its principal office located at 5600 City Line Avenue, Philadelphia, Pennsylvania 19131.

### FACTS COMMON TO ALL COUNTS

**As to Michael's Disabilities and Incapacitation:**

6.      Plaintiffs, Ramya Lotano and Vincent E. Lotano are the parents of Plaintiff, Elena Lotano and Michael.

7.      Plaintiffs, Ramya Lotano, Vincent E. Lotano and Elena Lotano were appointed co-guardians of Michael on September 5, 2020, by way of Letters of Guardianship issued by the Surrogate of Camden County, New Jersey.

8.      At all times herein, Michael was diagnosed with developmental disabilities, including but not limited to, Autism Spectrum Disorder, ("ASD") all of which substantially limits his ability to communicate and socialize.

**As to Michael's Application to SJU and the ASPIRE Program:**

9.      In or about 2021, Michael applied for and was accepted by SJU for undergraduate studies for the 2021 – 2022 academic year.

10.     In or about 2021, Michael applied for and was accepted in SJU's Autism Support Promoting Inclusive and Responsive Education Program, also known as "ASPIRE" for the 2021 – 2022 academic year.

Case ID: 231100078

11.    SJU described and marketed the ASPIRE Program on its website as an immersive program to provide personal support services to students with ASD in conjunction with SJU's Kinney Center for Autism Education and Support (the "Kinney Center").

12.    SJU described and marketed the ASPIRE Program on its website as a program offering specialized support and assistance for students with ASD, like Michael, so that those students could reside on campus, attend classes, and complete the required curricula.

13.    While Plaintiffs cannot recall the precise nomenclature used by SJU on its website in 2020, it was material to Plaintiffs' decision in selecting SJU.

14.    In addition, SJU also described and marketed itself as a Catholic university based in a Jesuit tradition of academics that embraced the concepts of *"magis"* and *"cura personalis"* which based upon SJU's website, Plaintiffs understood to mean a general focus upon the greater good while caring for the individual person respectively.

15.    SJU's marketing of the ASPIRE Program in conjunction with its emphasis upon *magis* and *cura personalis* resonated with Plaintiffs, who are devout, life-long Catholics.

16.    Plaintiffs chose SJU as Michael's college as a direct result of and in reliance upon SJU's representations and marketing of the ASPIRE Program and SJU's Jesuit philosophies despite Michael being accepted into other colleges.

17.    Michael's application for to the ASPIRE Program included a personal interview by SJU to confirm Michael's eligibility.

18.    Upon being accepted for undergraduate studies, Michael registered his disability with the Office of Student Disabilities.

19.    SJU knew or should have known of Michael's disabilities and how those disabilities manifested and impacted Michael and others.

20.     Upon being accepted to the ASPIRE Program, Plaintiffs were required to pay $4,000.00 each semester in addition to SJU's regular tuition and fees.

21.     Upon accepting Michael as an undergraduate student and accepting Michael in the ASPIRE Program, SJU assigned Michael to student housing at the LaFarge Residence in Suite 230 with suitemates who had similar disabilities and through information and belief, also participated in the ASPIRE Program.

**As to The November 3, 2021 Incident and Hearing:**

22.     Michael commenced the 2021 Fall Semester and resided in his assigned residence.

23.     Although Michael adjusted well to academics, living in his new dormitory and adjusting socially was more difficult.

24.     On or about November 3, 2021, Michael's maternal grandmother, with whom Michael previously resided, died after a brief illness.

25.     The passing of Michael's grandmother had a significant emotional impact upon Michael, which was made worse and more impactful due to Michael's disabilities.

26.     It was also on this same day, November 3, 2021, that lead to an incident involving Michael and another student while completing a group project for his Craft of Language course.

27.     The incident involved Michael's misunderstanding of the need to meet the student at her dormitory room in the McShane Residence to complete the project and resulted in Michael being confronted by that student and her friends for his misunderstanding.

28.     Upon leaving the McShane Residence and *en route* to his own dormitory room at LaFarge, Michael experienced overwhelming anxiety and frustration from both the passing of his grandmother and the recent confrontation.

29.     This lead to Michael vocalizing his frustrations to himself, which is a typical manifestation of his disabilities.

30.     Later that same evening on November 3, 2021, through information and belief, two individuals knocked on the door of Michael's dormitory room stating "you are not in trouble – we just want to collect information."

31.     Although the two individuals have not been identified to Plaintiffs, through information and belief, it is believed that the two individuals were actually representatives of SJU's Office of Community Standards.

32.     At no time did the individuals inform Michael that he was being investigated for his actions that evening or for his actions at any other time.

33.     At no time did the two individuals inform Michael that he was being investigated for possible violations of SJU's Community Standards and/or potential disciplinary charges.

34.     At no time did the two individuals inform Michael that he did not have to answer their questions.

35.     At no time did the two individuals inform Michael that he had a right to remain silent.

36.     At no time did the two individuals inform Michael that he was entitled to an accommodation for help in answering their questions because of his disabilities.

37.     At no time did the two individuals inquire as to the whereabouts of Michael's guardians prior to interrogating him.

38.     At no time did the two individuals inquire as to the nature and extent of Michael's disabilities.

39.     At no time did the two individuals inquire as to the nature and extent of Michael's understanding concerning their interrogation.

40. Through information and belief, the two individuals did not contact the Kinney Center prior to interrogating Michael so as to alert the Kinney Center that Michael may need specialized support and assistance concerning their interrogation.

41. Through information and belief, the two individuals did not contact anyone affiliated with the ASPIRE Program so as to alert the ASPIRE Program that Michael may need specialized support and assistance concerning their interrogation.

42. Through information and belief, the two individuals did not contact anyone in the Office of Student Disability Services so as to alert anyone that Michael may need specialized support and assistance concerning their interrogation.

43. At no time did SJU contact Michael's guardians prior to interrogating Michael.

44. Through the Office of Student Disabilities and Michael's participation in the ASPIRE Program, SJU knew or should have known of Michael's disabilities.

45. Through the Office of Student Disabilities and Michael's participation in the ASPIRE Program, SJU knew or should have known that Michael was unable to understand the reason he was being interrogated.

46. Through the Office of Student Disabilities and Michael's participation in the ASPIRE Program, SJU knew or should have known that Michael was unable, as of the evening of November 3, 2021, to understand and appreciate how the manifestation of his disabilities due to the death of his grandmother and his confrontation concerning the group project were perceived by others on campus.

47. Despite Michael's disabilities and lack of understanding of the circumstances at hand, the two individuals proceeded to interrogate Michael.

48. SJU provided Michael with no accommodations whatsoever concerning the interrogation.

49.     On or about November 9, 2021, Michael received a letter from SJU advising him of an administrative hearing to take place the next day, November 10, 2021.

50.     SJU did not notify Michael's guardians of the November 9, 2021 letter or the scheduled November 10, 2021 hearing.

51.     Through information and belief, SJU did not notify the Kinney Center or any person affiliated with the ASPIRE Program of the November 9, 2021 letter or the scheduled November 10, 2021 hearing.

52.     SJU did not inform or advise Michael that he was entitled to speak with anyone at the Kinney Center or the ASPIRE Program concerning a possible need for accommodations due to his disabilities concerning the November 10, 2021 hearing.

53.     Due to his disabilities, Michael did not understand that the hearing related to potential discipline as a result of actions manifesting from his disability.

54.     Due to his disabilities, Michael did not understand the seriousness of the hearing.

55.     Due to his disabilities, Michael did not understand that he was entitled to accommodations prior to the commencement of the November 10, 2021 hearing.

56.     Despite SJU's knowledge of Michael's disabilities through the Office of Student Disabilities and Michael's participation in the ASPIRE Program, SJU proceeded with a disciplinary hearing without providing any accommodations on November 10, 2021.

57.      Despite SJU's knowledge of Michael's incapacitation, SJU proceeded with a disciplinary hearing on November 10, 2021 without contacting Michael's guardians.

58.     SJU, through its Director of Community Standards, Dr. William S. Bordak, commenced a disciplinary hearing on November 10, 2021 only to adjourn it prior to completion as Michael was scheduled to attend his routine psychologist appointment related to his disabilities.

59.    It was because of this adjournment that Plaintiffs, Ramya Lotano and Vincent Lotano, learned of the pending disciplinary hearing.

60.    Upon understanding the circumstances, Michael made a request for accommodations that his parents and legal guardians be permitted to attend and participate in the conclusion of the hearing.

61.    SJU was aware that Michael requested accommodations concerning the completion of the hearing.

62.    Despite Michael's request, SJU concluded the hearing on November 11, 2021 without providing Michael any accommodations.

63.    Based upon Michael's specific request for an accommodation prior to the continuation of the November 10, 2021 hearing and SJU's knowledge of his disabilities, SJU through Dr. William S. Bordak, would not permit Plaintiff Ramya Lotano to participate in the continuation and conclusion of the hearing on November 11, 2021.

64.    On November 15, 2021, Dr. William S. Bordak of SJU's Office of Community Standards confirmed that Michael violated SJU's Community Standards concerning the November 3, 2021 incident as well an incident on October 20, 2021.

65.    As a consequence, Michael received disciplinary sanctions including but not limited to: being placed on disciplinary probation through May 2022 and being restricted from attending his Craft of Language class in person and being restricted from being in the vicinity of Merion Hall.

66.    Although Michael appealed the outcome of the hearing, SJU denied his appeal.

67.    The very incidents that occurred on November 3, 2021 and October 20, 2021 arose from manifestations of Michael's disabilities.

68.     SJU issued disciplinary sanctions against Michael for the manifestation of behaviors arising from his ASD, which is the very disability that SJU targeted in its marketing of the ASPIRE program and Kinney Center.

69.     Tragically, this was only the beginning of Michael's ordeal.

**As to The December 7, 2021 Incident and Hearing:**

70.     On December 14, 2021, SJU, through Dr. William Bordak of the Office of Community Standards, informed Michael of an incident report dated December 7, 2021 and that a disciplinary hearing was to take place on December 17, 2021 and pre-hearing meeting to take place on December 16, 2021.

71.     Upon information, it is believed that the December 7, 2021 incident pertained to Michael's alleged violation of SJU's prior disciplinary sanctions in November 2021.

72.     On December 15, 2021, Plaintiff, Ramya Lotano, as Michael's guardian, requested accommodations for the hearing, specifically, that Michael:

1.     Have an advocate present in the room while the case was being presented.
2.     Have all questions to be posed to him provided in advance of the hearing.
3.     Be permitted to provide responses in writing or supplement responses in writing during or after the hearing.
4.     Be provided with a transcript or an audio recording of the hearing and the opportunity to supplement responses after the hearing.
5.     Have one or more of his legal guardians be present on a Zoom call or in the room with him during the pre-hearing.

73.     On December 15, 2021, SJU through Dr. William S. Bordak agreed to postpone the hearing until further notice to allow SJU time to respond to Plaintiffs' request for accommodations.

74.     On December 16, 2021, the Plaintiffs through counsel wrote to SJU's general counsel concerning the circumstances and requested accommodations for Michael.

75.    SJU then rescheduled the pre-hearing meeting for January 6, 2022 and the hearing for January 7, 2022.

76.    SJU responded to Plaintiffs' requests for accommodations on December 20, 2021.

77.    SJU agreed to the request to have an advocate present for Michael and designated Theresa McFalls from the Kinney Center as Michael's advocate, but limited Ms. McFalls' participation to attendance only and restricted her from assisting Michael with answering any questions.

78.    SJU denied Plaintiffs' requests for a transcript of the hearing and to permit one of Michael's guardians to attend.

79.    Ultimately, the hearing proceeded and on January 11, 2022, SJU issued two additional disciplinary sanctions against Michael including Deferred Suspension and an administrative housing relocation.

80.    The bases invoked by SJU for the January 11, 2022 disciplinary sanctions were Michael's violations of the previous sanctions issued in November 2021.

**November 15, 2022 and January 18, 2023 Incidents and Aftermath**

81.    The events of November 2021, including Michael's initial and subsequent disciplinary sanctions further impacted his disabilities due to ASD.

82.    Indeed, manifestations of Michael's disabilities resurfaced and on January 23, 2023, SJU informed Michael that he was accused of additional violations of SJU's Community Standards on November 15, 2022 and January 18, 2023.

83.    These incidents were the result of additional manifestations of Michael's disabilities.

84.    SJU's issuance of disciplinary sanctions in November 2021 and January 2022 caused severe emotional trauma to Michael and exacerbated his disabilities.

85. At all times herein, SJU was aware of Michael's specific disabilities.

86. At all times herein, Michael was admitted to the ASPIRE Program.

87. At all times herein, SJU, including but not limited to the ASPIRE Program and Kinney Center, failed to provide Michael with the assistance and support that SJU promised to provide *vis-à-vis* its website.

88. Due to the emotional trauma inflicted by SJU and the exacerbation of Michael's disabilities, Michael took a leave of absence from SJU in the Spring of 2023 and ultimately withdrew from SJU in Summer of 2023.

89. SJU violated Michael's right to be accommodated for his disabilities during the November 2021 interrogation and subsequent disciplinary hearings.

90. SJU violated Michael's right to housing by improperly sanctioning him with administrative housing relocation and removing him from his dormitory.

91. SJU misrepresented the services it would provide for Michael, including but not limited to the ASPIRE program.

92. SJU's conduct was outrageous and caused severe emotional distress to Michael.

93. As a result of SJU's conduct in violating Michael's civil rights, misrepresenting services to be provided and by otherwise failing to support Michael as promised, Plaintiffs have suffered damages in the form of economic loss, pain and suffering, severe emotional distress, and incurred attorney's fees and costs exceeding $50,000.00.

## COUNT I
### VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT
### 42 U.S.C. §12101 et seq

94. Plaintiffs incorporate by reference all prior paragraphs as if fully set forth herein at length.

95. SJU is a Pennsylvania nonprofit corporation that operates the university.

96.     SJU is subject to the Americans with Disabilities Act 42 U.S.C. §12101 *et seq.* ("ADA")

97.     The conduct of SJU as delineated in the foregoing paragraphs constitutes a failure to provide reasonable accommodations to Michael as required by the ADA.

**WHEREFORE,** Plaintiffs respectfully request judgment against Defendant in an amount in excess of fifty thousand dollars ($50,000.00) and in particular in an amount that will fully compensate Plaintiffs for their injuries and damages as a result of Defendant, Saint Joseph's University's violation of Plaintiffs' rights under the ADA.  In addition to the expungement of Michael's disciplinary record, the Plaintiffs request damages of the amounts paid to the University for tuition and fees paid to Defendant, including but not limited to a refund of all fees paid for the ASPIRE Program, as well as damages sufficient to compensate them for severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, court costs, expense of litigation, expert witness fees, reasonable attorney's fees, punitive damages, and prejudgment interest, as well as any other further relief the Court deems just and appropriate.

### COUNT II
### VIOLATIONS OF THE REHABILITATION ACT of 1973
### 29 U.S.C. §794

98.     Plaintiffs incorporate by reference all prior paragraphs as if fully set forth herein at length.

99.     SJU is a Pennsylvania nonprofit corporation that operates the university.

100.    Through information and belief, SJU receives and utilizes Federal Funds.

101.    SJU is subject to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794. (the "Rehabilitation Act.")

102.    The conduct of SJU as delineated in the foregoing paragraphs constitutes a failure to provide reasonable accommodations to Michael as required by the Rehabilitation Act.

**WHEREFORE,** Plaintiffs respectfully request judgment against Defendant in an amount in excess of fifty thousand dollars ($50,000.00) and in particular in an amount that will fully compensate Plaintiffs for their injuries and damages as a result of Defendant, Saint Joseph's University's  violation of Plaintiffs' rights under the Rehabilitation Act.  In addition to the expungement of Michael's disciplinary record, the Plaintiffs request damages of the amounts paid to the University for tuition and fees paid to Defendant, including but not limited to a refund of all fees paid for the ASPIRE Program, as well as damages sufficient to compensate them for severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, court costs, expense of litigation, expert witness fees, reasonable attorney's fees, punitive damages, and prejudgment interest, as well as any other further relief the Court deems just and appropriate.

**COUNT III**
**VIOLATIONS OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES**
**AND CONSUMER PROTECTION LAW**

103.    Plaintiffs incorporate by reference all prior paragraphs as if set forth at length herein.

104.    SJU described and marketed the ASPIRE Program on its website as an immersive program to provide personal support services to students with ASD in conjunction with SJU's Kinney Center for Autism Education and Support (the "Kinney Center").

105.    SJU described and marketed the ASPIRE Program on its website as a program offering specialized support and assistance for students with ASD, like Michael, so that those students could reside on campus, attend classes, and complete the required curricula.

106.    SJU's marketing and advertising publications, including its printed and electronically available publications were specifically designed to promote the University's ASPIRE program to persons and households such as that of the Plaintiffs and were specifically

Case ID: 231100078

crafted to entice prospective students with the same or similar disabilities as those suffered by Michael to apply for admission, due to the representations that SJU possessed unique skills in dealing with such disabilities and promises that such students would receive the appropriate supervision and guidance.

107.    The provision of a college education was a personal service offered to the Plaintiffs by the Defendant, for the personal, family, or household use of the Plaintiffs as defined by the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. 201, *et seq.* , (the "UTP")

108.    As a result of the failure of SJU to honor its own representations made to the Plaintiffs in order to procure the enrollment of Michael, Michael was forced to withdraw from SJU, resulting in monetary damages, including but not limited to, the loss of the tuition paid, other administrative fees, and a $4,000 surcharge per semester for the ASPIRE Program.

109.    Plaintiffs' loss was a result of SJU's violation of the UTP, including, but not limited to 73 P.S. §201-2(4)xxi by engaging in deceptive conduct that created confusion and misunderstanding by the Plaintiffs as to the level of support and services SJU would provide to Michael in the ASPIRE Program.

110.    Plaintiffs justifiably relied upon SJU's deceptive website and marketing information when they decided to enroll Michael at SJU and the ASPIRE Program.

**WHEREFORE**, Plaintiffs request that judgment be entered in their favor and against the Defendant, Saint Joseph's University, in an amount in excess of fifty thousand dollars ($50,000.00), plus treble damages as provided in the UTP, plus attorney's fees as provided in the UTP.

Case ID: 231100078

## COUNT IV
## FRAUDULENT/INTENTIONAL MISREPRESENTATION

111.     Plaintiffs incorporate by reference all prior paragraphs as if set forth at length herein.

112.     With respect to the manner in which SJU promoted its ASPIRE program as one specifically suited to and tailored for students afflicted with ASD, such as Michael, SJU affirmatively represented itself as experts in the supervision and guidance of such students, all of which representations were false.

113.     At all times during the disciplinary proceedings described in the foremost section of this Complaint, SJU, with knowledge of the manner in which it had represented itself as skillful and experienced in handling such conduct, demonstrated, on multiple occasions, that its representations were false and deceitful.

114.     The representations made by SJU in the recruitment of Michael, (and others) were materially false when made, and were known by the University to be false at the time they were made.

115.     The representations made by SJU in the recruitment of Michael, (and others) were knowingly falsely made for the purposes of encouraging the reliance upon such representations by prospective students and their families, such as the Plaintiffs herein.

116.     The Plaintiffs justifiably relied upon the marketing and promotional representations made by SJU, to their financial detriment.

117.     As a direct and proximate result of SJU's false promises and misrepresentations, Plaintiffs were injured in that Plaintiffs paid tuition and fees to SJU and additional fees for the ASPIRE Program when Michael in fact did not receive the support promised which resulted in Michael withdrawing as a student from SJU.

118.    Further still, as a direct and proximate result of SJU's misrepresentations, Michael has suffered severe emotional distress and an exacerbation of the manifestations of his disabilities.

**WHEREFORE,** Plaintiffs respectfully request judgment against Defendant in an amount in excess of fifty thousand dollars ($50,000.00) and in particular in an amount that will fully compensate Plaintiffs for their injuries and damages as a result of Defendant, Saint Joseph's University's  intentional misrepresentations. In addition to the expungement of Michael's disciplinary record, the Plaintiffs request damages of the amounts paid to the University for tuition and fees paid to Defendant, including but not limited to a refund of all fees paid for the ASPIRE Program, as well as damages sufficient to compensate them for severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, court costs, expense of litigation, expert witness fees, reasonable attorney's fees, punitive damages, and prejudgment interest, as well as any other further relief the Court deems just and appropriate.

**COUNT V**
**NEGLIGENT MISREPRESENTATION**

119.    Plaintiffs incorporate by reference all prior paragraphs as if set forth at length herein.

120.    In the alternative to the foregoing count of the herein Complaint, the Plaintiffs allege that in making the representations as described in their marketing and advertising promotional material, *i.e.* that the University, specifically the ASPIRE Program as administered through the Kinney Center, SJU made representations which they should have known were unfounded and inaccurate.

121.    SJU described and marketed the ASPIRE Program on its website as a program offering specialized support and assistance for students with ASD, like Michael, so that those

Case ID: 231100078

students could reside on campus, attend classes, and complete the required curricula, when the University knew, or should have known, that it was ill-equipped to provide such assistance and support.

122.   SJU's website led Plaintiffs to the reasonable belief that SJU had resources, experience and an expertise in working with students with ASD, like Michael, so as to provide students with ASD assistance in crossing typical hurdles such as negotiating social situations, anxiety, coping skills and similar services, when in fact, the University knew, or should have known, that it could not provide the requisite degree of assistance and support.

123.   As outlined above, the application to the program by Michael included a personal interview by SJU, upon which, the University should have known that it was unable to provide for Michael's special, individual needs.

124.   SJU's should have known that its representations concerning the ASPIRE Program and the Kinney Center being able to provide personal support services to students with ASD, like Michael, so that he could attend college and reside on campus were false as SJU completely lacked any tolerance concerning the manifestations of Michael's disabilities and rather than provide support to Michael, SJU engaged in a course of strict discipline.

125.   SJU intended that Plaintiffs would rely upon their statements.

126.   As a direct and proximate result of SJU's false promises and misrepresentations, Plaintiffs were injured in that Plaintiffs paid tuition and fees to SJU and additional fees for the ASPIRE Program when Michael in fact did not receive the support promised which resulted in Michael withdrawing as a student from SJU.

127.   Further still, as a direct and proximate result of SJU's misrepresentations, Michael has suffered severe emotional distress and an exacerbation of the manifestations of his disabilities.

**WHEREFORE,** Plaintiffs respectfully request judgment against Defendant in an amount in excess of fifty thousand dollars ($50,000.00) and in particular in an amount that will fully compensate Plaintiffs for their injuries and damages as a result of Defendant, Saint Joseph's University's  negligent misrepresentations. In addition to the expungement of Michael's disciplinary record, the Plaintiffs request damages of the amounts paid to the University for tuition and fees paid to Defendant, including but not limited to a refund of all fees paid for the ASPIRE Program, as well as damages sufficient to compensate them for severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, court costs, expense of litigation, expert witness fees, reasonable attorney's fees, punitive damages, and prejudgment interest, as well as any other further relief the Court deems just and appropriate.

**COUNT VI**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

128.    Plaintiffs incorporate by reference all prior paragraphs as if set forth at length herein.

129.    SJU engaged in a course of conduct so as induce Plaintiffs to not only believe that SJU would support and assist students with ASD, when in fact SJU had no tolerance for the manifestations of the very disability it solicited.

130.    Throughout the disciplinary proceedings delineated in the Factual recitation provided, supra, the staff of SJU, including, but not limited to, Dr. William Bordak and others affiliated with the "Office of Community Standards," treated Michael with disdain, and with a callous disregard of his personal rights.

131.    The manner in which the described "Disciplinary Hearings" were conducted constituted a malicious and outrageous violation of the duty of the University to a disabled

student, as a result of which the student was subjected to serious emotional and psychological trauma.

132.    Given Michael's disability, the staff of SJU who participated in the conduct of the outrageous disciplinary proceedings knew that the result of their actions would likely lead to severe emotional and psychological damage.

133.    Given Michael's disability, and his placement in the ASPIRE program, the staff of SJU who participated in the conduct of the outrageous disciplinary proceedings were particularly aware of the fragility of Michael's psyche, but they subjected him to harassment and humiliation nonetheless, in a malicious and contemptuous manner.

134.    Due to the emotional trauma inflicted by SJU and the exacerbation of Michael's disabilities, Michael took a medical leave of absence in the Spring of 2023 and ultimately withdrew from SJU in the Summer of 2023.

135.    All of SJU's conduct was extreme, outrageous, and was intentional or reckless so as to cause Michael severe emotional distress.

136.    As a direct and proximate result of SJU's conduct, Michael suffered severe health conditions including but not limited to emotional distress, post-traumatic stress disorder, exacerbation and aggravation of the symptoms and manifestations of his ASD, including but not limited to intrusive and obsessive thoughts, stress, and anxiety.

**WHEREFORE,** Plaintiffs respectfully request judgment against Defendant in an amount in excess of fifty thousand dollars ($50,000.00) and in particular in an amount that will fully compensate Plaintiffs for their injuries and damages as a result of Defendant, Saint Joseph's University's intentional infliction of emotional distress.  In addition to the expungement of Michael's disciplinary record, the Plaintiffs request damages of the amounts paid to the University for tuition and fees paid to Defendant, including but not limited to a refund of all fees

Case ID: 231100078

paid for the ASPIRE Program, as well as damages sufficient to compensate them for severe

emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, court

costs, expense of litigation, expert witness fees, reasonable attorney's fees, punitive damages,

and prejudgment interest, as well as any other further relief the Court deems just and appropriate.

O'CONNOR KIMBALL LLP

By: _____
Thomas J. Gregory, Esquire
Martin J. McAndrew, Esquire
Michael S. Soule, Esquire
Attorney Identification Nos.: 38104/78091/53201
*Attorneys for Plaintiffs*
Two Penn Center Plaza, Suite 1100
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102

Date: November 28, 2023

Case ID: 231100078

**O'CONNOR KIMBALL LLP**
By:     Thomas J. Gregory, Esquire
        Martin J. McAndrew, Esquire
        Alicia M. Sandoval, Esquire
        Attorney Identification Nos.: 38104/78091/311874
Two Penn Center Plaza, Suite 1100                    Attorneys for Plaintiffs,
1500 John F. Kennedy Boulevard                       Michael Lotano, an Incapacitated
Philadelphia, PA 19102                               Person, by his Guardians, Ramya
(215) 564-0400          Facsimile: (215) 564-1973    Lotano, Vincent E. Lotano,
Email: tgregory@okllp.com; mmcandrew@okllp.com;      and Elena Lotano
       asandoval@okllp.com
File No.: 920-2443

---

| | |
|---|---|
| MICHAEL LOTANO, an Incapacitated Person by his Guardians, RAMYA LOTANO, VINCENT E. LOTANO, and ELENA LOTANO  :<br>:<br>:<br>: | COURT OF COMMON PLEAS PHILADELPHIA COUNTY, PA |
| v.                                               :<br>SAINT JOSEPH'S UNIVERSITY              :<br>                    Defendant   :<br>                                               : | NOVEMBER TERM, 2023 NO. 000078 |

## VERIFICATION

I, _Vincent E Lotano_____, as Plaintiff in the above-captioned matter, having read the attached Civil Action Complaint and verify that the within statements contained therein are based on information provided to counsel which information has been obtained by counsel in the course of this lawsuit. The language and writing in said Answer is that of counsel and not of myself. I verify that I have read the within and that it is true and correct to the best of my knowledge, information and belief. To the extent that the contents of said Answer are that of counsel, I have relied upon counsel in taking this verification. This verification is made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

Dated:      11/27/2023

24

Case ID: 231100078

**O'CONNOR KIMBALL LLP**
By:   Thomas J. Gregory, Esquire
      Martin J. McAndrew, Esquire
      Alicia M. Sandoval, Esquire
      Attorney Identification Nos.: 38104/78091/311874
Two Penn Center Plaza, Suite 1100
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
(215) 564-0400          Facsimile: (215) 564-1973
Email: tgregory@okllp.com; mmcandrew@okllp.com;
      asandoval@okllp.com
File No.: 920-2443

Attorneys for Plaintiffs,
Michael Lotano, an Incapacitated
Person, by his Guardians, Ramya
Lotano, Vincent E. Lotano,
and Elena Lotano

| | |
|---|---|
| MICHAEL LOTANO, an Incapacitated Person by his Guardians, RAMYA LOTANO, VINCENT E. LOTANO, and ELENA LOTANO <br><br> v. <br> SAINT JOSEPH'S UNIVERSITY <br>               Defendant | COURT OF COMMON PLEAS PHILADELPHIA COUNTY, PA <br><br> NOVEMBER TERM, 2023 NO. 000078 |

## CERTIFICATE OF SERVICE

I, Martin M. Andrew, Esquire, hereby certify that I caused a true and correct copy of the foregoing Civil Action Complaint to be electronically filed on this 28th day of November, 2023, and thereby served via the Court's Electronic ECF Filing System upon:

Neil J. Hamburg, Esquire
Kay Sickles, Esquire
Hamburg Law Group, PLLC
1 Franklin Town Boulevard, Suite 1106
Philadelphia, PA 19103
hamburgnj@hamburglawgroup.com
sickleske@hamburglawgroup.com
*Attorneys for Defendant, St. Joesph's University*

**O'CONNOR KIMBALL LLP**

By:   _____
      Martin J. McAndrew, Esquire
      *Attorneys for Plaintiffs, Michael Lotano,*
      *Ramya Lotano, Vincent E. Lotano, and Elena Lotano*

25

Case ID: 231100078